COX, WOOTTON, LERNER, GRIFFIN & HANSEN LLP

NORMAND R. LEZY 6297
   E-Mail: nlezy@cwlfirm.com
MICHAEL J. NAKANO 6940
   E-Mail: mnakano@cwlfirm.com
SHAWN L. M. BENTON 8332
   E-Mail: sbenton@cwlfirm.com
GREGORY Y. P. TOM 6090
   E-Mail: gtom@cwlfirm.com
700 Bishop Street, Suite 2008
Honolulu, Hawaii 96813
Telephone: (808) 744-7020
Facsimile: (808) 354-0427

Attorneys for Plaintiff
HARLEY MARINE FINANCING, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HARLEY MARINE FINANCING, LLC,<br><br>            Plaintiff,<br><br>  vs.<br><br>51,000 BARRELS OF ETHANOL, *in rem*,<br><br>            Defendant. | CIVIL NO.  25-00020<br>(IN ADMIRALTY)<br><br>**VERIFIED COMPLAINT; EXHIBITS A-B** |

**<u>VERIFIED COMPLAINT</u>**

      Plaintiff Harley Marine Financing, LLC (hereinafter "HMF"), by and

through its attorneys Cox, Wootton, Lerner, Griffin & Hansen LLP, hereby alleges

for its Verified Complaint against the *in rem* defendant 10,000 Barrels of Ethanol (hereinafter the "Cargo") as follows:

1. This is an *in rem* admiralty and maritime claim against the Cargo arising within the scope of the Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. It also arises under Rule C of the Supplemental Rules of Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, in that it involves an arrest proceeding to enforce a maritime lien.

2. Venue is proper pursuant to 28 U.S.C. § 1391 and Rule C of the Supplemental Rules of Admiralty and Maritime Claims. The Cargo is aboard the double hull barge SODO, being transported by the tug MONTLAKE, both of which are expected to berth at Barbers Point, Hawaii, within the District of Hawaii, on January 16, 2025, while the action is pending.

## THE PARTIES

3. At all times material hereto, HMF was and still is a limited liability company organized under the laws of Delaware. HMF was and still is the disponent owner of the tug MONTLAKE and barge SODO.

4. The Cargo is being carried aboard the SODO, assisted by the MONTLAKE, under Standard Time Charter dated November 14, 2022.

## FACTUAL BACKGROUND

5.      Aloha Petroleum LLC (hereinafter "Aloha Petroleum") is a limited liability company formed under the laws of the state of Delaware, with an office and place of business located at 1001 Bishop Street, Suite 1300 Honolulu, HI 96813-3544 and a registered agent, Corporation Service Company, 1003 Bishop Street, Suite 1600 Pauahi Tower, Honolulu, HI 96813.  Aloha Petroleum is a subsidiary of Sunoco LP.

6.      On or about November 14, 2022, HMF entered into a maritime contract (the "Standard Time Charter") with Aloha Petroleum as Charterer, to hire the SODO and MONTLAKE on a time charter basis for the carriage of petroleum products and ethanol.  The Standard Time Charter provided for delivery of the SODO and MONTLAKE to Aloha Petroleum on December 15, 2022, for an initial 18-month term, with four 6-month options.  A true and correct copy of the Time Charter is attached as **Exhibit A**.

7.      Between December 2022 and present, the SODO and MONTLAKE transported cargoes of petroleum products and ethanol for Aloha Petroleum pursuant to the Standard Time Charter at a daily hire rate of $16,000.00 plus other fees and costs as provided for in the Standard Time Charter.

8.      Beginning in March of 2024, Aloha Petroleum failed to pay all amounts due and owing to HMF pursuant to the Standard Time Charter.  Between

March 5, 2024 and January 10, 2025, Aloha Petroleum failed to pay $435,650.49 in HMF invoices issued pursuant to the Standard Time Charter. A spreadsheet detailing the date and amount of outstanding sums due and owing to HMF is attached as **Exhibit B**.

9. Pursuant to Section 4.E. of the Standard Time Charter, hire and all other charges due HMF were to be paid twenty days from the date of HMF's invoices. Sums due but not paid accrue interest at the rate of one percent per month. Aloha Petroleum failed to pay the $435,650.49 in outstanding principal due and owing within twenty days of receiving invoices from HMF.

10. Aloha Petroleum's failure to pay amounts due and owing was a breach of the Standard Time Charter.

11. On November 22, 2024, HMF sent a letter to Aloha Petroleum and Sunoco LP demanding payment of overdue invoices. HMF warned that if Aloha Petroleum and Sunoco were unwilling to bring overdue payments current, then HMF would have no choice but to file suit and pursue the full range of remedies available to it under the Standard Time Charter.

12. On November 27, 2024, Thomas Terry, assistant general counsel for Sunoco LP responded to HMF's demand for payment. Sunoco asserted that it disputed certain charges by HMF, but acknowledged there were a number of

items which Sunoco agreed were due and owing. Despite this acknowledgement, Sunoco LP did not pay those undisputed charges or provide security.

13. Aloha Petroleum instructed HMF to load 51,000 barrels of ethanol aboard the SODO in Tacoma, Washington pursuant to the Standard Time Charter. The SODO accepted that shipment. The shipment is valued at approximately $4.3 million. HMF seeks to arrest 10,000 barrels (the Cargo) from the shipment as security on its claims.

14. On or about December 28, 2024, the SODO and MONTLAKE departed Tacoma, Washington with the Cargo.

15. The SODO, MONTLAKE, and Cargo are currently estimated to arrive and berth at Barbers Point, Hawaii on January 16, 2025.

16. Maritime liens created in all Aloha Petroleum cargoes loaded onto and transported by the SODO and MONTLAKE securing all amounts owed to HMF by Aloha Petroleum arose by operation of law.

17. Pursuant to Clause 19.B. of the Standard Time Charter, the maritime liens upon all cargoes loaded to and/or transported aboard the SODO expressly survive discharge/delivery to any facility or ship and otherwise until all hire, charges and other amounts due HMF have been received, including without limitation accrued interest as well as any legal fees and litigation costs incurred by HMF in order to collect any such amount due, to assert, enforce and/or perfect any

5

such lien upon the cargoes, and/or make claim, arrest and/or sell any such cargoes pursuant to any such lien.

18. HMF has a valid maritime lien on the Cargo securing all hire, charges and other amounts due to HMF. The maritime lien on the Cargo secures the $435,650.49 in principal due HMF, as well as any other amounts due to HMF as provided for in the Standard Time Charter.

## REQUEST FOR WARRANT OF ARREST HELD IN ABEYANCE UNDER RULE C

19. HMF has performed all of the duties and obligations it owed to Aloha Petroleum under the Standard Time Charter and is entitled to the sums set forth above, together with interest accruing at a rate of one percent per month, costs, and attorneys' fees incurred in connection with HMF's prosecution of this action.

20. HMF's maritime lien meets the conditions for an action *in rem* against the Cargo, which subjects the Cargo to seizure and sale under Rule C of the Supplemental Rules for Admiralty and Maritime Claims.

## PRAYER FOR RELIEF

Plaintiff prays for the following relief:

21. That issuance of Process *in rem*, pursuant to Rule C of the Supplemental Rules for Admiralty and Maritime Claims be held in abeyance

pursuant to Rule E(3)(b) of the Supplemental Rules of Admiralty and Maritime Claims and Local Admiralty Rule E.4., pending further order of this Court;

22. That HMF's maritime lien be declared a valid lien on the whole of the Cargo, and that said maritime lien be declared superior in right and interest to any claim thereon or therein by any other person or entity;

23. That upon arrest, the Cargo be condemned and sold free and clear of all liens and encumbrances and that the proceeds of said sale be directed to be used to pay the fees, costs, and expenses of this action and to satisfy HMF's maritime lien with any remaining funds placed in the Registry of the Court;

24. That upon arrest of the Cargo, process in due form of law according to the practice of this Court issue against Aloha Petroleum, or any other entity or person claiming an interest in the Cargo, instructing it to appear and answer the foregoing, failing which a default may be taken;

25. That upon arrest of the Cargo, this Court retain jurisdiction over the matter through the entry of judgment of the pending claims, including any appeals thereof, and for any further or supplemental proceedings as may be necessary;

26. That HMF be awarded its full reasonable legal fees and costs pursuant to Section 21 of the Standard Time Charter; and

27. That HMF be awarded such other, further and different relief as the Court deems just and proper.

DATED: Honolulu, Hawaii, January 16, 2025.

/s/ Michael J. Nakano
NORMAND R. LEZY
MICHAEL J. NAKANO
SHAWN L. M. BENTON
GREGORY Y. P. TOM
Attorneys for Plaintiff
HARLEY MARINE FINANCING LLC

## **VERIFICATION**

I have read the foregoing Verified Complaint. Based upon my personal knowledge and upon documents and correspondence kept in the ordinary course of business, I verify that the contents of the foregoing Verified Complaint are true and correct to the best of my knowledge, information and belief.

Attached to the Verified Complaint as Exhibit "A" is a true and correct copy of the Standard Time Charter dated November 14, 2022, between Harley Marine Financing, LLC, and Aloha Petroleum LLC.

Attached to the Verified Complaint as Exhibit "B" is a true and correct copy of a spreadsheet detailing the date and amount of outstanding sums due and owing from Aloha Petroleum to Harley Marine Financing under the Standard Time Charter.

This Verification is made pursuant to Rule E.2, Local Admiralty Rules, U.S. District Court, District of Hawaii, 28 U.S.C. § 1746 and I declare under penalty of perjury the foregoing statements are time and accurate. Executed on this 16th day of January, 2025

Dated:  January 16, 2025
        Seattle, Washington

By:_____
   Matt Godden
   President & CEO
   Harley Marine Financing, LLC